**NOT FOR PUBLICATION**

**FILED**

JAMES J. WALDRON, CLERK

**SEPT. 30, 2009**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:

**ROGER DROSSEL,**

                    Debtor.

---

**VINCENT AND CATHERINE DIPIETRO,**

                    Plaintiffs,

v.

**ROGER DROSSEL,**

                    Defendant.

Case No.:   06-21154 (DHS)

Adv. No.:   07-1195 (DHS)

Judge: Donald H. Steckroth, U.S.B.J.

**OPINION**

**APPEARANCES:**

Peterpaul, Clark & Corcoran, P.C.
Anthony Peterpaul, Esq.
One Cleveland Place
Springfield, New Jersey 07081
***Counsel for Debtor/Defendant Roger Drossel***


Dolan & Dolan, P.A.
Nancy Heslin Reading, Esq.
1 Legal Lane (at Fifty-Three Spring Street)
P.O. Box D
Newton, New Jersey 07860
***Counsel for Plaintiffs,***
***Vincent and Catherine DiPietro***

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

      Before the Court are motions for summary judgment.  Plaintiffs, Vincent and Catherine DiPietro (collectively referred to as "Plaintiffs" or "DiPietros"), filed a motion for summary judgment seeking that Defendant, Roger Drossel (hereinafter "Debtor" or "Defendant"), be denied a discharge pursuant to section 727(a)(3) of the Bankruptcy Code for failure to maintain business records and receipts.  The Debtor filed opposition to the Plaintiffs' motion as well as a cross-motion seeking summary judgment as to Count Three of the Amended Complaint arguing that destruction or concealment of the records did not occur and instead the Plaintiffs never properly sought discovery.  The Debtor attached cancelled checks and bank statements to his opposition and cross-motion arguably satisfying his information obligations.

      Plaintiffs filed a reply brief to the Debtor's cross-motion contending that the information provided was insufficient to determine the Debtor's financial condition and that the Debtor cannot be considered an unsophisticated debtor warranting a grant of summary judgment under section 727(a)(3).  Lastly, the Plaintiffs submit that the banking records cannot be used to prove or disprove the section 523(a)(2)(A) actual fraud allegations of the original complaint and discharge should be denied pursuant to section 727(a)(3), thus mooting the actual fraud counts.

      For the reasons stated hereafter, the Plaintiffs' motion for summary judgment is hereby denied and the Debtor's cross-motion for summary judgment is also denied. The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J). Venue is proper under 28 U.S.C.

§§ 1408 and 1409. The following shall constitute the Court's findings of fact and conclusions of

law as required by Federal Rule of Bankruptcy Procedure 7052.

<u>**Statement of Facts and Procedural History**</u>

**I.      Plaintiffs' Statement of Facts**[1]

The DiPietros contracted with the Debtor to construct a $91,700.00 addition to their home

in September 2003. The Debtor personally signed the contract at issue. At the time, the Debtor and

Joseph A. "Jay" Marrocco were in business together under the name of "To the Last Detail." Upon

a slowing of the construction's progress, the DiPietros requested an accounting as the Debtor sought

more money but did not provide supporting invoices, receipts, or records. In August 2004, the

DiPietros again requested an accounting due to dissatisfaction with the quality of work. Again, the

Debtor did not provide any information.

When the cost reached $167,000.00, the DiPietros hired another builder to complete the

project, which was already $75,300.00 beyond what they had expected to spend. Thereafter, the

DiPietros instituted a state court Consumer Fraud Action against the Debtor and the testimony at

trial revealed that the Debtor never provided invoices or any other business document to account for

the disbursement of the monies paid by the DiPietros. In the certification accompanying their reply

brief, the Plaintiffs' attorney states that the Plaintiffs repeatedly sought discovery throughout the

state trial process to no avail.[2]  A two-day bench trial in the state court resulted in a Judgment

against the Debtor and his business partner for $87,521.69 in damages and $20,716.54 in attorneys'

---

[1]Unless otherwise stated, the factual recitation in this section is gleaned from *Plaintiffs' Brief in Support of Motion for Summary Judgment*.

[2]The certification annexed letters attaching interrogatories and other informational requests by the Plaintiffs sent to the Debtor and "To the Last Detail."

fees. The total Judgment broken down consisted of $78,822.75 for breach of contract damages and

$4,349.47 for violation of the New Jersey Consumer Fraud Act, which when trebled is $13,048.41.

The Judgments were against the parties personally as "To The Last Detail" was not incorporated

under New Jersey law.

Thereafter, the Debtor filed his Chapter 7 bankruptcy petition and the Plaintiffs filed the

instant adversary proceeding in February 2007. Both the Plaintiffs and the Debtor filed cross-

motions for summary judgment on the non-dischargeability counts of the adversary complaint. This

Court denied both motions in November 2007 finding that factual issues remained as to whether the

Debtor committed actual fraud as defined under bankruptcy law. On May 29, 2008, the Court

allowed the Plaintiffs to amend the adversary complaint to include a section 727(a)(3) count seeking

denial of the Debtor's discharge for failure to preserve recorded business information with respect

to the Plaintiffs' construction project.

## II.    Debtor/Defendant's Statement of Disputed Facts[3]

The Debtor disputes the Plaintiffs' allegation that "To the Last Detail Renovations" is not

a legally formed business entity. In fact, the Defendant annexed the Certificate of Trade Name to

the instant opposition. The Debtor also counters the Plaintiffs' contention that the state court

judgment was against the Debtor personally, not because of the formation, but instead because

partners in a partnership are personally liable for the partnership's debts.

Pursuant to this Court's Amended Joint Order Scheduling Pretrial Proceedings and Trial,

discovery was due on August 31, 2007. The Debtor maintains that the Plaintiffs never served any

---

[3]Unless otherwise stated, the factual recitation in this section is gleaned from *Defendant's, Roger Drossel, Brief in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendants' Motion for Summary Judgment as to Count Three of the Amended Complaint.*

discovery requests and thus they cannot avail themselves of the protections provided through the

Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure.  Despite this, upon

receipt of the instant motion, the Debtor and his partner searched old records and located a check

book register, cancelled checks for the partnership, and bank statements.  Such documentation was

provided to the Plaintiffs in response to the instant motion.

## Discussion

### I.       Summary Judgment Standard

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made

applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  At the summary judgment

stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine

issue for trial."  *Knauss v. Dwek*, 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The court must construe the facts and inferences in a light

most favorable to the non-moving party.  *See Am. Marine Rail NJ, LLC v. City of Bayonne*, 289 F.

Supp. 2d 569, 578 (D.N.J. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475

U.S. 574, 587-88 (1986)).  "Only evidence admissible at trial may be used to test a summary

judgment motion.   Thus, evidence whose foundation is deficient must be excluded from

consideration."  *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 471 (3d Cir. 1989)

(citations omitted).

The moving party must make an initial showing that there is no genuine issue of material fact. *See Knauss*, 289 F. Supp. 2d at 549 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party to "'make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial.'" *Cardenas v. Massey*, 269 F.3d 251, 254-55 (3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.*, 477 U.S. at 322). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). An issue of fact is "genuine" if a reasonable juror could return a verdict for the non-moving party. *See id.* at 248. Furthermore, a material fact is determined by the substantive law at issue. *See Crane v. Yurick*, 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing *Anderson*, 477 U.S. at 248). A fact is "material" if it might affect the outcome of the suit under governing law. *Id.* Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 248 (citation omitted).

However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. *Id.* at 248-50. Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. *See Celotex Corp.*, 477 U.S. at 322-23. When one party moves the court for summary judgment, Federal Rules of Civil Procedure 54(c) and 56, taken together, permit the court to enter summary judgment on behalf of the non-movant, even if the non-movant has not filed a cross-motion for summary judgment. *See Peiffer v. Lebanon Sch. Dist.*,

673 F. Supp. 147, 151-52 (M.D. Pa. 1987) (citation omitted).  On the other hand, a court must deny

a motion for summary judgment when a genuine issue of material fact remains to be tried, or where

the moving party is not entitled to a judgment as a matter of law.

Local Civil Rule 56.1 requires each side to "furnish a statement which sets forth material

facts as to which there exists or does not exist a genuine issue."  L. Civ. R. 56.1.  Failure to file this

statement constitutes grounds for denial alone. *See In re Mercedes-Benz Antitrust Litig.*, 364 F.

Supp. 2d 468, 471-75 (D.N.J. 2005); *Comose v. N.J. Transit Rail Operations, Inc.*, 2000 U.S. Dist.

LEXIS 20790, at *4 (D.N.J. Oct. 6, 2000).  However, if there is no evidence of bad faith, then it is

within the court's discretion to overlook such failure and to decide the motion on the merits.  *See*

*Rosenberg v. JCA Assocs.*, 2007 U.S. Dist. LEXIS 23570, at *31-32 (D.N.J. Mar. 30, 2007).

Although both parties to the instant motions failed to comply with Local Civil Rule 56.1, they did

provide orderly recitations of the facts at hand in their briefs.  Therefore, this Court will exercise its

discretion and will decide the motion. *See Kee v. Camden County*, 2007 U.S. Dist. LEXIS 23637,

at *16 (D.N.J. March 30, 2007) ("[T]he Court, having found no evidence of bad faith, concludes that

both parties were equally lax in their compliance with the Local Civil Rules, . . . and the Court

[finds] it in the best interest of the parties and justice to adjudicate Defendant's motion.").

## II.     Section 727(a)(3) – Failure to Maintain Adequate Books and Records

One of the Bankruptcy Code's main purposes is to allow for a debtor to "reorder their affairs,

make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future

effort, unhampered by the pressure and discouragement of preexisting debt.'" *Grogan v. Garner*,

498 U.S. 279, 286 (1991) (quoting *Local Loan Company v. Hunt*, 292 U.S. 234, 244 (1934)). With

this privilege comes obligations and if such obligations are not met, then the debtor may be denied

a discharge pursuant to section 727 of the Bankruptcy Code.  *See Stapleton v. Yanni (In re Yanni)*,

354 B.R. 708, 710 (Bankr. E.D. Pa. 2006).  "A denial of discharge imposes an extreme penalty and

should not be taken lightly." *Id.* at 712 (citations and internal quotation marks omitted).  Objections

to discharge under section 727(a) are liberally construed in favor of the Debtor and strictly construed

against the objector.  *Rosen v. Bezner*, 996 F.2d 1527, 1533 (3d Cir. 1993); *Stapleton v. Yanni (In*

*re Yanni)*, 354 B.R. 708, 712 (Bankr. E.D. Pa. 2006).

     Section 727(a)(3) provides:

> (a) The court shall grant the debtor a discharge, unless --
>     . . . .
>     (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

11 U.S.C. § 727(a)(3) (2006).  The purpose of section 727(a)(3) "is to give creditors and the

bankruptcy court complete and accurate information concerning the status of the debtor's affairs and

to test the completeness of the disclosure requisite to a discharge." *Holber v. Jacobs (In re Jacobs)*,

381 B.R. 147, 166 (Bankr. E.D. Pa. 2008) (citing *Meridian Bank v. Alten*, 958 F.2d 1226, 1230 (3d

Cir. 1992)).  "It also ensures that 'creditors are supplied with dependable information on which they

can rely in tracing a debtor's financial history.'" *Id.* (citing *Meridian Bank*, 958 F.2d at 1230).

> To state a prima facie case under section 727(a)(3), a party objecting to the discharge must show that (1) the debtor failed to maintain and preserve adequate records and (2) this failure to maintain makes it impossible to ascertain the debtor's financial condition and material business transactions.

*Id.* (citing *Meridian Bank*, 958 F.2d at 1232).  The objecting party must make an initial showing that

the debtor's records are inadequate." *Id.* (citing *Meridian Bank*, 958 F.2d at 1233).  The Third

Circuit stated that the Bankruptcy Code does not require "an impeccable system of bookkeeping,"

but that the "records must sufficiently identify the transactions so that intelligent inquiry can be

made of them." *Meridian Bank,* 958 F.2d at 1230 (citations and internal quotation marks omitted).

The test is whether there is available written evidence made and preserved from which the present

financial condition of the [debtor], and his business transactions for a reasonable period in the past

may be ascertained." *Id.* at 1230 (citations and internal quotation marks omitted).

Upon the creditor's satisfaction of the initial burden of showing insufficient records as to the

Debtor's financial condition, the burden then shifts to the debtor to justify or explain the failure to

maintain adequate records. *Meridian Bank*, 958 F.2d at 1232-33.  Justification is not articulated in

the Bankruptcy Code; thus, the trier of fact must make a determination considering the case's

circumstances.  *Meridian Bank*, 958. F.2d at 1231; *see also In re Yanni*, 354 B.R. at 715 ("The

determination of what is a justifiable explanation for the failure to keep records is an analysis based

on the facts and circumstances of the particular case."(citation and internal quotation marks

omitted)).  The Third Circuit articulated the following:

> The issue of justification depends largely on what a normal,
> reasonable person would do under similar circumstances. The inquiry
> should include the education, experience, and sophistication of the
> debtor; the volume of the debtor's business; the complexity of the
> debtor's business; the amount of credit extended to debtor in his
> business; and any other circumstances that should be considered in
> the interest of justice.

*Meridian Bank*, 958 F.2d at 1231.

### A.    Plaintiffs' Burden as Objectors to Discharge

First, the Court must determine whether the Plaintiffs demonstrated the prima facie case detailed above. The Plaintiffs contend that, despite repeated requests during the state court case and even at trial, the Debtor did not provide an accounting or any records reflecting the work and payments made by "To the Last Detail" in relation to the construction project at Plaintiffs' residence. "To the Last Detail's" failure to provide such documentation resulted in a Judgment pursuant to the New Jersey Consumer Fraud Act which the Plaintiffs now allege is non-dischargeable in the instant adversary proceeding. The Plaintiffs maintain that the crux of the instant motion is to determine whether a denial of discharge under section 727(a)(3) moots the non-dischargeability counts.

The Plaintiffs argue that the Debtor's failure to provide documentation during the state court case demonstrates that the Debtor failed to maintain adequate records. That, of course, is not necessarily true. Here, upon receipt of this motion, the Debtor provided documents and provided such to the Plaintiffs. Morever, the Debtor has complied with the Bankruptcy Code's requirements to file Schedules in his bankruptcy case and the Trustee is apparently satisfied with the Debtor's books and records. The Plaintiffs, nevertheless, still maintain that such documentation is insufficient to determine the financial condition of the Debtor.

A close parsing of the Plaintiffs' motion papers demonstrates that they were predominantly interested in the records relating to the funds they paid to "To the Last Detail" for their home addition. These documents are clearly related to the Plaintiffs' state court action. However, whether those specific documents are relevant to the non-dischargeability action is a factual question. The Plaintiffs submit that the little information they have been provided does not allow them to prove an actual fraud claim under section 523(a)(2). Moreover, the parties dispute whether such

information was actually sought through normal discovery procedures and whether such information

had been provided in a timely manner.  These appear to amount to discovery disputes as opposed

to issues of law ripe for a summary judgment decision.

For these reasons alone, the Plaintiffs' motion for summary judgment must be denied.

However, the Court will also address the relevant issue of the Debtor's justification for the record-

keeping.

### B. The Debtor's Burden as to Justification or Explanation of Failure to Maintain Adequate Records

Assuming arguendo that the Plaintiffs established a prima facie case, the burden then shifts

to the Debtor to demonstrate his justification for failure to maintain records regarding his financial

condition and material business transactions.  In addressing the justification prong, the parties focus

on the sophistication of the debtor.

"Sophisticated debtors are held to a greater degree of accountability than are unsophisticated

debtors." *In re Conde*, 386 B.R. 577, 582  (Bankr. W.D. Pa. 2008) (citing *Meridian Bank*, 958 F.2d

at 1231).  Attorneys and other professionals are held to the standard of care exercised by other

members of the same profession. *See Meridian Bank*, 958 F.2d at 1232.  "Sophisticated business

persons are generally held to a high level of accountability in record keeping." *Id.* at 1231.  The

Plaintiffs submit that the Debtor has previously completed a bankruptcy case, has approximately ten

mortgages and three lis pendens, and thus has familiarity with legal proceedings. The Debtor

counters that he is a simple man running a construction business.

Other cases provide a clear articulation of a debtor's sophistication.  For example, in *In re*

*Yanni,* the debtor was found to be unsophisticated as he did not complete the tenth grade, but did

receive his GED, he lived with his parents and was a laborer with seasonal work. *In re Yanni*, 354

B.R. at 716.  In *Meridian Bank*, the Debtor was an experienced attorney who generated substantial

revenue as an international investment and real estate consultant and was found to be sophisticated.

*Meridian Bank*, 958 F.2d at 1231.  These two cases represent a spectrum of factual analysis that

could be used to determine the sophistication of the debtor.

Here, both parties make assertions as to the sophistication of the Debtor, but fail to provide

factual detail.  In addition to sophistication of the Debtor, there are several other factors the Third

Circuit has provided should be considered.  The record does not reflect information as to the

Debtor's education, the complexity of his business structure or the volume of business, nor have the

parties provided information relevant to determining the sophistication of the Debtor.  Thus, there

are genuine issues of material fact as to the sophistication of the debtor and the justification prong

of the section 727(a)(3) analysis.  This must be determined at trial.  Thus, the Debtor's cross-motion

for summary judgment and dismissal of Count Three of the Amended Adversary Complaint must

also be denied.

## Conclusion

For the foregoing reasons, the Plaintiffs' motion for summary judgment and the Debtor's

cross-motion for summary judgment are hereby denied.  A final conference in this matter is hereby

scheduled for October 22, 2009, at 10:00 a.m.  An Order in conformance with this Opinion has been

entered by the Court and a copy is attached hereto.

/s/ *Donald H. Steckroth*

_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: September 30, 2009